**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**  26-mj-6217-Shaw-Wilder

**UNITED STATES OF AMERICA**

**v.**

**CHRISTIAN BOUIE,**

      **Defendant.**
_____/

FILED BY_____SM_____D.C.

Apr 28, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?    No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   */s/ James M. Ustynoski*
      James M. Ustynoski
      Assistant United States Attorney

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Christian Bouie, ) | Case No.  26-mj-6217-Shaw-Wilder |
| ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* | |

**FILED BY_____SM_____D.C.**

**Apr 28, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. -  FTL

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____April 18, 2026_____ in the county of _____Broward_____ in the _____Southern_____ District of _____Florida and elsewhere_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | Possession of a Firearm by a Convicted Felon |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Justin Herzlich, ATF agent
*Printed name and title*

Sworn to before me telephonically (FaceTime)

Date:  _____4/28/2026_____

_____
*Judge's signature*

City and state:  _____Fort Lauderdale, Florida_____          Hon. Detra Shaw-Wilder, U.S. Magistrate Judge
*Printed name and title*

| Print | Save As... | Attach | Reset |
|---|---|---|---|

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Justin Herzlich, being first duly sworn, hereby depose and state as follows:

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since approximately 2007. Some of my responsibilities include investigating violations of federal law, including the Gun Control Act. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that, I am empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18 of the United States Code.

2.      This affidavit is being submitted in support of a criminal complaint that charges Christian Bouie ("BOUIE") with a violation of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a convicted felon).

3.      I submit this Affidavit based on information known to me personally from the investigation, as well as information obtained from others who have investigated the matter or have personal knowledge of the facts herein. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, it does not include every fact known to me about this matter.

### PROBABLE CAUSE

#### *Arrest of Christian Bouie*

4.      On or about April 18, 2026, Fort Lauderdale Police Department ("FLPD") officers were dispatched to a burglary of a residence located at 1618 Northwest 16th Court in Fort Lauderdale, Broward County, Florida, where a firearm was reported to have been stolen from the residence during the burglary.

5.      A perimeter of the residence was established utilizing fully marked police vehicles with their overhead lights activated, while Broward Sheriff's Office (BSO) aviation was overhead. FLPD officers deployed their police canines to assist in searching for the suspect, later identified as BOUIE.  A police canine subsequently gave an alert to the property at 1620 Northwest 16th Street, Fort Lauderdale, Broward County, Florida, [1] where BSO aviation located BOUIE hiding in a tree of this yard.

6.      FLPD officer Guzman deployed his canine, Appie, in the location of 1505 Northwest 16th Lane, Fort Lauderdale, Broward County, Florida, which was south of the location where BOUIE was spotted hiding.  FLPD officer Mcgrath gave BOUIE police canine warnings to come down from the tree; however, BOUIE subsequently fled into the property where officer Guzman was located and had deployed canine Appie.  As BOUIE fled west over a fence, canine Appie pursued BOUIE over the fence.  BOUIE subsequently pulled out a firearm and fired two (2) rounds at canine Appie.  One (1) round struck canine Appie in the shoulder and exited through the chest.

7.      BOUIE continued to flee eastbound from this location while being surveilled by BSO aviation.[2]  BOUIE was ultimately taken into custody by another FLPD canine in the property located at 1616 Northwest 15th Avenue, Fort Lauderdale, Broward County, Florida.  After BOUIE was placed in handcuffs, officers located a firearm in the right pocket of BOUIE's shorts that he was wearing.

---

[1] Location pings from an Apple Watch taken in the Burglary also provided alerts to this same property.

[2] BSO aviation maintained surveillance of BOUIE and his location throughout the incident.

8.      The firearm was identified as a Sig Sauer, Model P365, 9 millimeter semi-automatic pistol, bearing serial number 66A741010.  The firearm contained one empty magazine inserted into the firearm with the slide locked to the rear.  The firearm had been reported stolen in Wake Forest, North Carolina, on September 22, 2025.

9.      Prior to his arrest on April 18, 2026, BOUIE had previously been convicted of an offense punishable by imprisonment for a term exceeding one year, that is, a felony. For example, in 2023, BOUIE received a sentence of approximately seventy (70) months' imprisonment for robbery with a firearm. Thus, BOUIE knew that he was a convicted felon when he possessed the firearm.  BOUIE has not had his civil rights restored nor had he received a pardon for any of his prior felony convictions.

10.     Based on your affiant's training and experience, the firearm seized on April 18, 2026 from BOUIE's person was manufactured in New Hampshire, and stolen in North Carolina; therefore, the firearm traveled in interstate commerce.

**CONCLUSION**

11.     Based on the aforementioned facts, I respectfully submit that there is probable cause to support the arrest of Christian Bouie (BOUIE) for committing a violation of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a convicted felon).

[space intentionally left blank]

3

**FURTHER YOUR AFFIANT SAYETH NAUGHT**

_____
JUSTIN HERZLICH, SPECIAL AGENT
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES

Attested to by the Affiant in accordance with
the requirements of FED. R. CRIM. P. 4.1 by
FaceTime on this ___28th___ day of April, 2026.

_____
HONORABLE DETRA SHAW-WILDER
UNITED STATES MAGISTRATE JUDGE

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**CASE NUMBER:** _____

## <u>BOND RECOMMENDATION</u>

DEFENDANT: _____

_____
(Personal Surety) (Corporate Surety) (Cash) <mark>(Pre-Trial Detention)</mark>

By:   James Ustynoski_____
 **AUSA:**

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s): _____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)